IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ercole Mirarchi, d/b/a<br>Original George's Pizza Parlor<br>2835-37 Girard Avenue<br>Philadelphia, PA 19019<br>　　　　　Plaintiff<br>　　vs.<br><br>Seneca Specialty Insurance Co.<br>160 Water Street<br>New York, N. Y. 10038<br>　　　　　Defendant | No: 2:10-cv-03617-GP |

**O R D E R**

AND NOW, this_____day of_____, 2012, upon consideration of the Petition of Kenneth Richmond, Esq., to withdraw as counsel for the Plaintiff, it is hereby GRANTED.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RICHMOND & HEVENOR**
Attorneys at Law
2019 Walnut Street
Philadelphia, PA  19103
By: **Kenneth William Richmond  ID# 24471**      Attorney for  Plaintiff
(215) 523-9200

| | |
|---|---|
| Ercole Mirarchi, d/b/a<br>Original George's Pizza Parlor<br>2835-37 Girard Avenue<br>Philadelphia, PA 19019<br>                    Plaintiff<br>          vs.<br><br>Seneca Specialty Insurance Co.<br>160 Water Street<br>New York, N. Y. 10038<br>                    Defendant | No: 2:10-cv-03617-GP |

## MOTION TO WITHDRAW AS LEGAL COUNSEL
## FOR THE PLAINTIFF

AND NOW comes Kenneth W. Richmond, Esquire from the offices of Richmond & Hevenor, Attorneys at Law to respectfully petition this Honorable Court for permission to withdraw as counsel and as grounds therefore respectfully represent that:

1.     Commencing on or about October 17, 2011, undersigned legal counsel and Plaintiff, Ercole Mirarchi have been unable to reach an accord with respect to payment of legal and expert fees, after which the Plaintiff conferred with outside counsel by the name of Andrew D.Swain, Esq.

2. Subsequently Plaintiff twice indicated his dissatisfaction with the manner in which his case has been legally conducted at which point the undersigned insisted that the Plaintiff secure substitute counsel.

3. On March 1, 2012 the undersigned advised the Plaintiff that based upon Plaintiff's statements and refusal to indicate any arrangement for the payment of legal fees, costs and expert's fees, a withdrawal petition would be necessary and that he should secure substitute counsel immediately.

4. On April 10, 2012, at approximately 1:30 AM, the Plaintiff prepared a lengthy e-mail critical of the efforts of the undersigned and the expert actually obtained and retained by the Plaintiff who now requires that the argument on the Cross Motions for Summary Judgment be argued and presented on April 12, 2012 in the manner outlined in his extensive spread sheet analysis of the Defendant's bad faith as he perceives it.

5. The undersigned, consistent with perceived obligations, and a conscientious regard for potential prejudice to the Plaintiff, continued to prepare for the argument by ongoing review and update of the law, the expert reports and the voluminous body of evidence that has accumulated throughout the discovery period, all while awaiting the entry of substitute counsel.

6. The Plaintiff and the undersigned suffer from more than mere differences of opinion as to how the matter should proceed and the relationship is openly antagonistic and without a fee arrangement for continued efforts or payment of required experts.

7. Since November, 8, 2011, the Plaintiff has failed to fulfill very substantial obligations to counsel and experts regarding their services and has been repeatedly warned that the undersigned would have to withdraw if arrangements for fees were not made.

8. Since November, the undersigned has been under the guidance and advice of Sam Stretton, Esq., ethics counsel.

9. Since October, 2011, for unexplained reasons, Plaintiff has declined to follow explicit written instruction and has instead worked at the preparation of the analysis contained in the spread sheet that he wishes to personally argue to the Court.

10. Continued involvement of the undersigned in this matter has and will continue to result in an extremely unreasonable financial burden that has been rendered impossibly difficult by the Plaintiff.

WHEREFORE, the undersigned respectfully prays that the Court permit his withdrawal from the case.

                                              Respectfully submitted,

April 10, 2012                            /s/_____
                                              Kenneth W. Richmond
                                              RICHMOND & HEVENOR
                                              Attorney for the Plaintiff
                                              2019 Walnut Street
                                              Philadelphia, PA  19103

                                              215-840-3734

## CERTIFICATION OF SERVICE

     I, Kenneth W. Richmond, Esq. hereby certify that on April 10, 2010 a copy of the foregoing Petition to Withdraw as Counsel was served upon Ercole Mirarchi by e-mail delivery to eric@mirarchi.net  and upon Defense Counsel, Christopher Leise, Esquire by and through the ECM Filing system employed by the Clerk for the United States District Court for the Eastern District of Pennsylvania.

        April 10, 2012                        /s/_____
                                                  Kenneth W. Richmond, Esq.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RICHMOND & HEVENOR**
Attorneys at Law
2019 Walnut Street
Philadelphia, PA 19103
By: **Kenneth William Richmond ID# 24471**     Attorney for Plaintiff
(215) 523-9200

| | |
|---|---|
| Ercole Mirarchi, d/b/a<br>Original George's Pizza Parlor<br>2835-37 Girard Avenue<br>Philadelphia, PA 19019<br>           Plaintiff<br>       vs.<br><br>Seneca Specialty Insurance Co.<br>160 Water Street<br>New York, N. Y. 10038<br>           Defendant | No: 2:10-cv-03617-GP |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO WITHDRAW AS LEGAL COUNSEL
## FOR THE PLAINTIFF

**FACTS OF THE CASE**

      This is a Petition of Plaintiff's Counsel to Withdraw. Before the Court are cross motions for summary judgment with argument scheduled for April 12, 2012 at 4:30 PM in Courtroom 10A. Counsel for the Plaintiff has lost client confidence as reflected in e-mail correspondence received in the early morning hours of April 10, 2012 to which an extensive e-mail analysis has been attached representing the client's desire for the argument. The client has been urged since October 17, 2011 to secure substitute counsel and has conferred at least once with another firm that has been electronically sent all of the pleadings, motions and discovery in the matter on November 20, 2011.

Subsequently, the Plaintiff has explicitly expressed his dissatisfaction with present counsel and his experts while insisting on the presentation of his own analysis of the defendant's bad faith set forth in an Excel spreadsheet format.

Notwithstanding the substantive dispute over the evidence, expert opinions and legal argument, the Plaintiff and his former counsel have continued to ignore, in combination, dozens of written requests to set forth a fee payment arrangement for legal fees, costs and expert witness fees, which, on the basis of the April 10, 2012 e-mail, he now proposes to submit to arbitration at the successful conclusion of his claim.

## QUESTION PRESENTED

Where a client explicitly expresses dissatisfaction with his legal representation, refuses to pay for legal services, costs, experts, declines to follow instructions and then proposes to enter into arbitration at the successful conclusion of his claim because he feels the services being rendered are not worth the hourly fee or expert's fees, may a lawyer withdraw on the basis of "reasonable cause"?

## ANSWER:

Yes.

## DISCUSSION:

Reference is made to the case of *Barefoot et al., v Direct Marketing Concepts, Inc., et al.* and the decision of the present Court at Civil Action No 02-CV-09526. While it was the defense counsel there that desired withdrawal, the issues are identical. As in that case the client has refused to pay substantial expert bills and has refused to make arrangements for payment of fees and costs. The client has likewise become critical of the services performed and there is an irretrievable loss of confidence and an explicit antagonistic breakdown in the relationship based upon the Plaintiff's desire to present his analysis of the evidence of bad faith rather than present the opinion of counsel and the expert whom he concludes ignored the real evidence and assisted the defense. The dispute is more than a modest disagreement inasmuch as it is also coupled with a proposal that his past and future fees be presented to a fee committee for arbitration.

In the present case, it appears that prejudice will be unavoidable unless counsel can withdraw.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Petition to Withdraw be granted.

                                    Respectfully submitted,

April 10, 2012                            /s/_____
                                               Kenneth W. Richmond
                                               RICHMOND & HEVENOR
                                               Attorney for the Plaintiff
                                               2019 Walnut Street
                                               Philadelphia, PA  19103

                                               215-840-3734